IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| BRENDA DURHAM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 6627 |
| v. | ) | |
| | ) | |
| THE LOAN STORE, INC., et al. | ) | HONORABLE DAVID H. COAR |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In May 1999, defendant The Loan Store, Inc., made a consumer loan secured by a first mortgage to Plainitff Brenda Durham. The Loan Store then assigned the mortgage to EquiCredit Corporation, which brought a foreclosure action against Durham and others in Illinois state court. Because of numerous alleged irregularities and unlawful practices involved in this loan, Durham filed a third-party complaint against The Loan Store in the state court foreclosure action in 2000. She filed the instant complaint against The Loan Store, EquiCredit Corporation of America, Alaska Seaboard Partners, L.P., and SN Servicing Corporation before this Court in 2004, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602 *et seq.* , common law fraud, and negligent hiring and supervision. In her complaint, she alleged that two employees of The Loan Store, Janice Caldwell ("Caldwell") and Vernell Bradley

("Bradley") committed a series of omissions, errors, and misconduct against her in the solicitation, underwriting, closing and disbursement of the loan. Specifically, she argues that they caused The Loan Store to divert a portion of the loan funds to two bank accounts registered in the name of non-existent corporate entities which were actually controlled by Caldwell and Bradley. Durham had never heard of the corporations who received this portion of her loan funds and had never received the services they claimed to have performed.

The Loan Store now seeks to bar presentation of evidence relating to Durham's negligent hiring and supervision claim or, in the alternative, to deem certain answers to its requests to admit as admitted pursuant to Rule 37 of the Federal Rules of Civil Procedure.[1]

Rule 37(c)(2) provides that:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit. Fed.R.Civ.P. 37(c)(2).

The Loan Store served Requests to Admit on the plaintiff in this case. The requests asked her to admit that she knew of no facts other than Caldwell and Bradley's diversion of Durham's loan funds to themselves that support Durham's claim that the Loan Store negligently hired and supervised Caldwell and Bradley. Durham denied both requests for admission. The Loan Store also served Durham with Interrogatories, two of which sought information supporting Durham's

---

[1] The Loan Store does not specify which subpart of Rule 37 supports its motion, but a review of the motion and the attachments indicates that the motion arises under Rule 37(c)(2). This Court shall proceed accordingly.

denial of the requests to admit. Durham objected to these interrogatories on the grounds that they sought "the theories, mental impressions, and litigation plans of the plaintiff's attorney, and [are] not only privileged against disclosure as attorney work product, but [are] premature at this stage of the litigation" because discovery was ongoing. (Def.'s Mtn. To Bar Presentation of Evidence, Ex. 4, ¶¶ 10, 11.) The Loan Store argues that Plaintiff's objections to its request to admit and interrogatories are "completely improper" and contends that because the dispute between Durham and The Loan Store dates back to 2000, the request was in no way premature. Thus, The Loan Store seeks to have this Court bar Plaintiff from presenting any evidence in support of her claim that The Loan Store negligently hired and supervised Caldwell and Bradley. In the alternative, The Loan Store seeks to have Plaintiff's answers to the requests to admit be deemed an admission under Rule 37(c) and 36(a). In addition, The Loan Store seeks sanctions in the form of its legal fees for the preparation and presentation of its motion.

Plaintiff argues that The Loan Store's motion is premature and extreme in the relief it seeks. Moreover, Plaintiff provides a copy of a Supplemental Response to The Loan Store's first set of interrogatories, in which Plaintiff restates facts from her complaint as support for her negligent hiring and supervision claims. This Supplemental Response is undated, however, and it is not facially evident when or whether it was served on the defendants. The Loan Store filed its motion on April 18, 2006, and noted that it had discussed this matter with Durham's counsel on two occasions prior to the filing, but that Plaintiff refused to withdraw her objections to the Interrogatories. A review of the docket in this case reveals that discovery closed on April 28, 2006, and that dispositive motions are not due until May 31, 2006.

Plaintiff's Complaint set forth extensive factual allegations regarding alleged misconduct, omission, and acts by Caldwell, Bradley and others in the mortgage lending process. Most importantly, it included detailed allegations about Caldwell and Bradley's conduct before and after the alleged diversion of funds to dummy accounts under their control. Rule 26(e)(2) provides that a party "is under a duty seasonably to amend a prior response to an interrogatory ... or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(2). Plaintiff apparently has supplemented her response to The Loan Store's Interrogatories; however, the information contained in her Supplemental Response was already available to the defendants in her complaint. Thus, it had been made known to the parties in writing. This Court does not find that Plaintiff has "evaded" discovery requests as The Loan Store suggests or that she has not acted in good faith. Indeed, Plaintiff appears to have complied with the federal rules in almost all respects. Thus, Plaintiff had good reason for her failure to admit.

## Conclusion

For the foregoing reasons, The Loan Store's motion is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: **May 16, 2006**